**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ELVIS JOEL T.E. and C.R.T.V.,                    No. 26-561 (KMM/JFD)

     Petitioners,

v.                                                              **BRIEFING ORDER**

PAMELA BONDI, Attorney General,
U.S. Department of Justice; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and
Customs Enforcement; and DAVID
EASTERWOOD, Acting Director, St.
Paul Field Office Immigration and
Customs Enforcement,

     Respondents.

---

On February 19, 2026, the Court granted Petitioner Elvis Joel T.E.'s ("Elvis TE" or

"Petitioner") request to withdraw his motion for voluntary dismissal and ordered Elvis TE

to file a reply in support of his petition for a writ of habeas corpus. Based on a review of

Petitioner's reply (Dkt. 26), the Court concludes that additional information from the

parties is required before the Court can resolve the issues raised in the petition.

Accordingly, the Court issues the following Briefing Order.

1. **On or before March 9, 2026**, Respondents shall file a supplemental response to the petition.

    a. The supplemental response shall be accompanied by:

        i. An affidavit or declaration providing information about the expedited removal order referenced in William Robinson's declaration

(Dkt. 20), including an attestation regarding the date such a removal order was issued; and

    ii.  A true and correct copy of any expedited removal order for Petitioner.

  b.  In the supplemental response, Respondents shall address the following points, with citation to any supporting legal authority.

    i.  Whether the FERM program under which Petitioner was allowed to enter the United States constitutes a form of humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) or conditional parole under 8 U.S.C. § 1226(a)(2)(B).

    ii.  The legal basis for Respondents' assertion that Petitioner is currently detained under 8 U.S.C. § 1231(a)(1)(A), (a)(2). Specifically, Respondents shall provide an analysis of when the 90-day "removal period" for Petitioner began to run under 8 U.S.C. § 1231(a)(1)(B)(i)–(iii). If Respondents contend that the 90-day removal began to run on the date the expedited removal order became "administratively final," *see* § 1231(a)(1)(B)(i), then they shall address the applicability of 8 C.F.R. § 1241.1, or any other regulation that Respondents assert is applicable to the question of the finality of the expedited removal order.

    iii.  Any other legal issues bearing upon the Petitioner's assertion that his detention is unlawful.

2.  **On or before March 16, 2026**, Petitioner shall file a supplemental reply addressing the points raised in Respondents' supplemental response.

**IT IS SO ORDERED.**

Date: February 27, 2026

                              *s/Katherine M. Menendez*
                                Katherine M. Menendez
                                United States District Judge