## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ELVIS JOEL T.E. and C.R.T.V., | No. 26-561 (KMM/JFD) |
| Petitioners, | |
| v. | **ORDER** |
| PAMELA BONDI, Attorney General, U.S. Department of Justice; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on the petition for a writ of habeas corpus filed by Petitioner Elvis J.T.E. ("Elvis TE" or "Petitioner").[1] (Dkt. 1.) For the reasons that follow, the petition is granted.

## BACKGROUND

Elvis TE is a citizen of Ecuador who currently resides in Minneapolis. (Dkt. 1 ¶ 8; Dkt. 20 ¶ 4.) United States Border Patrol officers encountered Elvis TE near Brownsville, Texas, on May 27, 2024. (Dkt. 20 ¶ 6.) Petitioner claimed asylum in the U.S. (Dkt. 1 ¶ 18), and Immigration authorities processed him as part of the Family Expedited Removal

---

[1] The petition was originally filed on behalf of Elvis TE and his minor child C.R.T.V. Respondents have since released C.R.T.V. from custody. (Dkt. 20 ¶ 12.) Consequently, the Court considers the petition's claims concerning C.R.T.V.'s detention to be moot.

Management (FERM)[2] credible fear proceedings (Dkt. 20 ¶ 6). On May 27, 2024, a Border Patrol Agent determined that Elvis TE was inadmissible. (Dkt. 29-1.) Petitioner's asylum claim remains pending. (Dkt. 1 ¶ 18.)

Agents from Immigration and Customs Enforcement (ICE) arrested Elvis TE during a traffic stop on January 22, 2026. (Dkt. 1 ¶ 18.) Respondents did not have a warrant for his arrest. (Dkt. 1 ¶¶ 33, 56.) However, Respondents assert that ICE targeted Petitioner for arrest because immigration authorities deemed him "a FERM absconder" after ICE could not contact him and he failed to appear at an ICE office as required. (Dkt. 20 ¶ 8; Dkt. 19 at 3.) Elvis TE has remained in the custody of immigration authorities since his arrest, and he is currently confined at the Sherburne County Jail. Immigr. and Customs Enforcement, *Online Detainee Locator Sys.*, https://locator.ice.gov/odls/#/results (last visited Mar. 12, 2026).

After Petitioner filed this action and the Respondents filed their response to the Court's Order to Show Cause, on January 26, 2026, Petitioner sought to voluntarily dismiss the matter. (Dkt. 23.) However, on February 19, 2026, he moved to withdraw that voluntary dismissal and asked the Court to rule on the merits of his petition. (Dkt. 24.) The Court granted that request and instructed Petitioner to file a reply. (Dkt. 25.) The Court

---

[2] The FERM program is a "process for process for family units apprehended at the Southwest Border who are processed for expedited removal and indicate an intention to apply for asylum or express a fear of persecution or torture." Immigr. and Customs Enforcement, *ICE announces new process for placing family units in expedited removal proceedings* (May 10, 2023) (archived content), *available at* https://www.ice.gov/news/releases/ice-announces-new-process-placing-family-units-expedited-removal (last visited Mar. 12, 2026). According to Respondents, "the FERM program is a form of humanitarian parole under 8 U.S.C. § 1182(d)(5)(A)." (Dkt. 28 at 2.)

subsequently required the parties to submit supplemental briefing. (Dkt. 27.) The parties now dispute whether Petitioner is subject to mandatory detention pursuant to 8 U.S.C. §§ 1225(b)(1) or 1225(b)(2).[3] (Dkt. 28; Dkt. 30.) As discussed below, the Court finds that neither of these statutory provisions supports Petitioner's ongoing detention.

## DISCUSSION

A court can issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

In his petition, Elvis TE claims that he has been misclassified for mandatory detention under 8 U.S.C. § 1225(b)(2). That provision only applies to "an alien who is an applicant for admission," whom an immigration officer determines "is not clearly and beyond a doubt entitled to be admitted[.]" 8 U.S.C. § 1225(b)(2). Elvis TE argues that he is entitled to habeas relief under the interpretation of § 1225(b)(2) reflected in *Belsai D.S. v. Bondi*, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025), and other similar cases. Respondents claim that *Belsai* is inapplicable here, where Elvis TE is

---

[3] Respondents have withdrawn their claim that Elvis TE is subject to a final order of removal and that his detention is therefore justified under 8 U.S.C. § 1231. (Dkt. 28 at 1–2.)

subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). They argue that because Elvis TE was apprehended at or near the border, shortly after he crossed into the United States, and was subsequently granted humanitarian parole while his asylum application was pending, he was never "admitted" to the U.S. within the meaning of the INA. Therefore, according to Respondents, Elvis TE is an "applicant for admission" who must be detained under § 1225(b)(1) until his asylum application is adjudicated. Alternatively, Respondents argue that if Elvis TE is not subject to detention under § 1225(b)(1)(B)(ii), he must be detained under § 1225(b)(2) because he is "seeking admission" through his pending asylum application.

For the same reasons the Court provided in another recent habeas case presenting identical issues—*Bashir K.A. v. Klang*, No. 25-cv-4559 (KMM/DJF), 2026 WL 452353 (D. Minn. Feb. 17, 2026)—the Court finds that Elvis TE is not subject to mandatory detention under either §§ 1225(b)(1) or 1225 (b)(2). In *Bashir K.A.*, the Court analyzed the text and structure of § 1225(b)(1) and how it interacts with the humanitarian parole provision in 8 U.S.C. § 1182(d)(5)(A). There, the Court concluded that where a person has entered the United States without inspection or admission, asserts a claim of asylum, and then receives humanitarian parole into the United States, he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). *Id.* at *2–7 (applying *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025)); *see also Martinez Gamez v. Easterwood*, No. 4:26CV3009, 2026 WL 295400, at *4 (D. Neb. Feb. 4, 2026); *Rodriguez v. Rokosky*, Civil Action No. 25-17419 (CPO), 2025 WL 3485628 (D.N.J. Dec. 3, 2025); *Vazquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D.

Pa. Jan. 26, 2026); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294 (E.D. Mich. Oct. 29, 2025). The Court finds it unnecessary to repeat that analysis here and instead incorporates it in full. For the same reasons articulated in *Bashir K.A.*, the Court finds that Elvis TE is not subject to mandatory detention under § 1225(b)(1).

The Court also rejects Respondents' argument that Petitioner is subject to mandatory detention under § 1225(b)(2). As the Court has previously explained, it does not find this position persuasive. *See Bashir K.A.*, 2026 WL 452353, at *7 (reaching the same conclusion). Specifically, the fact that Elvis TE has applied for asylum does not support mandatory detention under § 1225(b)(2). *See, e.g.*, *Ahmed M. v. Bondi et. al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026) (explaining that "several courts have determined that asylum applications filed in like circumstances do not change the outcome.") (collecting cases); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 n.7 (S.D.N.Y. 2025) ("To the extent that Respondents might point to [petitioner's] asylum application to argue that he continues to 'seek' something, what he seeks is not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to *remain* here.") (emphasis in original); *Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *3 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom. Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012 (D. Minn. Dec. 29, 2025). Accordingly, the Court finds that Bashir is not subject to mandatory detention under § 1225(b)(2).

Finally, the Court concludes that immediate release is appropriate in this case. Because Elvis TE is not properly detained under § 1225(b), his detention must be

authorized, if at all under § 1226(a).[4] Respondents have not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's arrest, nor has the government produced one to the Court. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M.*, 2026 WL 25627, at *3. The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a), and where none is provided, immediate release is an appropriate remedy. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). That is the proper remedy here, where Elvis TE is not subject to mandatory detention under § 1225(b)(1) or § 1225(b)(2), and Respondents have provided no evidence that he was arrested based on a warrant.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

1. Petitioner Elvis TE's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner, **subject only to any conditions in place prior to his arrest and no later than 5:00 p.m. on March 15, 2026**.

4. Upon his release, Respondents must return **all of Petitioner's personal effects seized as a result of his arrest, including but not limited to immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

---

[4] Respondents do not suggest, and there is no evidence in the record indicating that Petition is subject to mandatory detention under 8 U.S.C. § 1226(c).

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**Let Judgment be entered accordingly**.

Date: March 13, 2026                    *s/Katherine M. Menendez*
                                        Katherine M. Menendez
                                        United States District Judge

7